SC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Maqsood Dawoody, as Next Friend of Nawid Faizi,[1]

Petitioner,

v.

Christopher Moody, et al,

Respondents.

No.   CV-26-00865-PHX-SHR (MTM)

**ORDER**

On February 9, 2026, Maqsood Dawoody filed a Petition under 28 U.S.C. § 2241 as next friend of Nawid Faizi ("Petitioner") and paid the filing fee.  Petitioner is detained at the San Luis Detention Center.  Mr. Dawoody seeks to challenge the lawfulness of Petitioner's continued immigration detention.

While a non-attorney may represent himself, he has no authority to appear as an attorney for another.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as attorney for others than himself" (citations omitted)).  There is no indication that Mr. Dawoody is an attorney or admitted to practice in this District.

---

[1] The docket lists only Nawid Faizi as Petitioner.  However, the Petition is signed by "Maqsood Dawoody, Next Friend (Brother-in-law) Nawid Faizi."  The Court will direct the Clerk of Court to correct the docket to reflect "Maqsood Dawood, as Next Friend of Nawid Faizi" as Petitioner in this action.

In *rare* circumstances, a third party may, *through counsel*, seek habeas corpus relief on behalf of someone else as a "next friend." *C.E. Pope Equity Tr.,* 818 F.2d at 697. However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation— such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Mr. Dawoody provides no explanation of why Petitioner cannot appear on his own behalf to prosecute this habeas corpus action. Petitioner's detention does not prevent him from prosecuting a habeas corpus action on his own behalf; indeed, many habeas corpus petitioners appearing in this Court do so. Because Mr. Dawoody has failed to meet his burden to establish next friend standing, the Court will deny him "next friend" status and will dismiss without prejudice the Petition and this case. Petitioner may, on his own behalf, file a *new* petition in a *new* case and either paying the $5.00 filing fee or file an Application to Proceed In Forma Pauperis under 28 U.S.C. § 2241.

As a courtesy to Petitioner, the Court will direct the Clerk of Court to send *Petitioner* the court-approved forms for filing a petition for writ of habeas corpus and an Application to Proceed In Forma Pauperis. If Petitioner files a new case, he must name as a Respondent the warden of the facility in which he is detained. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2002))). He must also include his A number, nationality, and the current status of his immigration

proceedings, if known.  Finally, the Petition must be signed by Petitioner.  Fed. R. Civ. P. 11(a) and LRCiv 3.4, 7.1(b)(1).

**IT IS ORDERED**:

(1)     The Clerk of Court must modify the docket to reflect this case was filed by "Maqsood Dawoody as Next Friend of Nawid Faizi."

(2)     The Petition (Doc. 1) is **denied** and this action is **dismissed** without prejudice.  The Clerk of Court must close this case and enter judgment.

(3)     The Clerk of Court must send a copy of this Order and the court-approved forms for filing a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody" and an Application to Proceed In Forma Pauperis to *Petitioner* at:

> Nawid Faizi, A#221-393-192
> San Luis Regional Detention Center
> P.O. Box 7710
> San Luis, Arizona 85349

(5)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 17th day of February, 2026.

Honorable Scott H. Rash
United States District Judge